UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


NATASHA JANE TOOTHMAN,

                Petitioner,

v.                                  CASE NO. 05-CV-74561-DT
                                  HONORABLE NANCY G. EDMUNDS

SUSAN DAVIS,

                Respondent.

_____/

## OPINION AND ORDER DENYING HABEAS CORPUS PETITION

Petitioner Natasha Jane Toothman has filed a *pro se* application for the writ of habeas corpus. The habeas petition challenges Petitioner's sentence for second-degree murder. Because the Court finds no merit in Petitioner's claim, the habeas petition must be denied.

### I. Introduction

Petitioner was charged in Kent County, Michigan with open murder. On July 16, 2003, she pleaded guilty to an amended information charging her with second-degree murder, Mich. Comp. Laws § 750.317. In return, the prosecutor dismissed the first-degree murder charge.

Petitioner was seventeen years of age at the time of her sentencing on September 18, 2003. The trial court sentenced her to imprisonment for thirty to ninety years. Petitioner challenged her sentence on appeal, but the Michigan Court of Appeals denied leave to appeal for lack of merit in the ground presented. *See People v. Toothman*, No. 259870 (Mich. Ct. App. Mar. 4, 2005). On August 30, 2005, the Michigan Supreme Court denied leave to appeal because

it was not persuaded to review the issue.  *See People v. Toothman*, 474 Mich. 857; 702 N.W.2d

585 (2005) (table).

Petitioner filed her habeas corpus petition on December 1, 2005.  Her sole ground for

relief reads:

> Ms. Toothman is entitled to resentencing because the sentencing guidelines range
> was enhanced by the scoring of offense variables 7 and 10 on the basis of facts
> not proven to a jury beyond a reasonable doubt nor admitted by the defendant in
> her plea, in violation of the sixth and fourteenth amendment.

## II.  Standard of Review

Petitioner is entitled to the writ of habeas corpus only if she can show that the state

court's adjudication of her claims on the merits–

> (1) resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the Supreme
> Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the
> facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state court

arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if

the state court decides a case differently than [the Supreme] Court has on a set of materially

indistinguishable facts."  *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).  A state court's

decision is an "unreasonable application of" clearly established federal law "if the state court

identifies the correct governing legal principle from [the Supreme] Court's decisions but

unreasonably applies that principle to the facts of the prisoner's case."  *Id.* at 413.  "Avoiding

these pitfalls does not require citation of [Supreme Court] cases – indeed, it does not even

require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002) (*per curiam* opinion) (emphasis in original). "Furthermore, state findings of fact are presumed to be correct unless the defendant can rebut the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1)." *Baze v. Parker*, 371 F.3d 310, 318 (6th Cir. 2004), *cert. denied*, 544 U.S. 931 (2005).

### III. Discussion

Petitioner alleges that she is entitled to resentencing because offense variables 7 and 10 of the state sentencing guidelines were improperly scored. Petitioner asserts that facts not proven to a jury beyond a reasonable doubt, nor admitted by her at her plea, were used to enhance the scoring of the offense variables. This error, she claims, violated her rights under the Sixth and Fourteenth Amendments to the United States Constitution.

Petitioner relies on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004). The Supreme Court held in *Apprendi* that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. The Supreme Court subsequently stated in *Blakely* that

> the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.* In other words, the relevant ' statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings.

*Blakely*, 542 U.S. at 303-04 (internal citations omitted) (emphasis in original).

Petitioner's *Blakely* claim has no merit, because a majority of the Supreme Court has

indicated that its decision in *Blakely* applies to determinate sentencing systems. *See id*. at 308-10. Michigan has an indeterminate sentencing system in which a defendant is given a minimum sentence based on guidelines ranges and a maximum sentence set by law, not by the trial court. *People v. Claypool*, 470 Mich. 715, 730 n.14; 684 N.W.2d 278, 286 n.14 (2004). "[B]ecause a Michigan defendant is always subject to serving the maximum sentence provided for in the statute that he or she was found to have violated, that maximum sentence constitutes the 'statutory maximum' as set forth in *Blakely*." *People v. Drohan*, 475 Mich. 140, __; 715 N.W.2d 778, 791 (2006).

Petitioner was convicted and sentenced for second-degree murder, which carries a penalty of any number of years or life imprisonment. *See* Mich. Comp. Laws § 750.317. Her sentence of thirty to ninety years falls within the statutory maximum and, therefore, is unaffected by the holding in *Blakely*.

Furthermore, Petitioner arguably admitted the facts used in sentencing her. The trial court scored fifty points for offense variable 7 because the crime involved aggravated physical abuse. The court scored ten points for offense variable 10 because Petitioner exploited a vulnerable victim. Petitioner conceded at her plea that, after the victim had been run down and knocked off his bicycle, she joined her two co-defendants in beating, kicking, and otherwise physically abusing the victim. At the time, the victim was still alive. Petitioner also admitted that her intent was to do great bodily harm to the victim. In other words, she intended to "hurt him real bad by kicking and beating him . . . ." He died as a result of the beating. (Tr. July 16, 2003, at 10-12.)

A sentence may be imposed if it is based solely on facts admitted by the defendant.

4

*Blakely*, 542 U.S. at 303.  Because the scoring of offense variables was based on facts that Petitioner admitted, *Blakely* does not affect the validity of her sentence.  *United States v. Saldivar-Trujillo*, 380 F.3d 274, 279 (6th Cir. 2004).

Finally, a *Blakely* error is subject to harmless error analysis.  *See Washington v. Recuenco*, __ U.S. __, 126 S. Ct. 2546 (2006).  Petitioner did not contest the final scoring of offense variables 7 and 10 at her sentencing.  Her attorney stated that he and Petitioner were withdrawing their challenge to offense variable 7.  The trial court then stated that it would assume offense variable 7 was correctly scored at fifty points.  Defense counsel made no objection and, instead, thanked the court.  (Tr. Sept. 18, 2003, at 5.)

As for offense variable 10, the trial court initially scored it at fifteen points.  Defense counsel apparently disputed that score during a discussion with the trial court and then agreed with the trial court that the appropriate score was ten points.  The trial court reduced the scoring of offense variable 10 from fifteen points to ten points.  (*Id*. at 10.)  Defense counsel stated at the sentencing that a score of ten points was fine with him.  (*Id*. at 7.)  No other objections were made to the scoring of offense variables 7 and 10, and Petitioner had nothing to say to the trial court when she was given an opportunity to speak.  (*Id*. at 14.)  Any *Blakely* error was harmless in light of the fact that Petitioner did not contest the final scoring of offense variables 7 and 10.

## IV.  Conclusion

The Michigan Court of Appeals found no merit in Petitioner's claim.  This conclusion did not result in a decision that was contrary to, or an unreasonable application of, Supreme Court precedent.  Accordingly, the application for a writ of habeas corpus [Doc. #1, Dec. 1, 2005] is DENIED.  The Court DECLINES to issue a certificate of appealability because reasonable

jurists would not find the Court's assessment of Petitioner's claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  August 1, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 1, 2006, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager